USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __04/04/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                              :

CHRISTOPHER LOADHOLT,              :

                             :

                Plaintiff,     :

                             :

      -v-                     :

                             :

HERBS & ARTS INTERGALACTIC, INC.,  :

                             :

                             :

             Defendant.   :
-------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

22-CV-7591 (PAE) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul A. Engelmayer, United States District Judge:**

Christopher Loadholt, a New York resident, brings a class action complaint

on behalf of himself and others similarly situated, alleging that defendant Herbs &

Arts Intergalactic, Inc. ("Herbs & Arts"), a Colorado corporation, operates its

website in violation of the Americans with Disabilities Act ("ADA") and the New

York City Administrative Code. Herbs & Arts has moved to dismiss the complaint

for lack of personal jurisdiction or, alternatively, under the doctrine of *forum non

conveniens*. For the reasons set forth below, the motion should be denied.

## I.     BACKGROUND

### A. Factual Background

The following facts are drawn from the Complaint, Dkt. No. 1, and the

December 15, 2022 declaration of John Kulsar, the owner and chief executive officer

of Herbs & Arts ("Kulsar Decl."), Dkt. No. 16-1, and are assumed true for the

purpose of this motion. *See, e.g.*, *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 510

(S.D.N.Y. 2016) ("courts may rely on additional materials outside the pleading when ruling on 12(b)(2) motions").  Loadholt, a Bronx resident, is "a blind, visually impaired handicapped person."  Complaint ¶¶ 17–18.  At some time between July 1 and July 15, 2022, Loadholt visited Herbs & Arts' website ("the Website"), using the screen reading software NonVisual Desktop Access, intending to make a purchase. *Id.* ¶ 23.  In order "for screen-reading software to function, the information on a website must be capable of being rendered into text." *Id.* ¶ 10.  Upon visiting the website, Loadholt encountered "multiple barriers" to access. *Id.* ¶ 25.  For instance, he alleges that

> many features on the Website fail to accurately describe the contents of graphical images, fail to properly label title, fails to distinguish one page from another, contain multiple broken links, contain headings that do not describe the topic or purpose, and the keyboard user interfaces lack a mode of operation where the keyboard focus indicator is visible.

*Id.* ¶ 26.

Loadholt claims that the access barriers on the Website effectively denied him the opportunity to use and enjoy it as sighted people would. *Id.* ¶ 27.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, he seeks to certify a nationwide class and a New York City subclass of all other legally blind individuals who have attempted to access the Website. *Id.* ¶¶ 35–36.  He alleges causes of action under § 302(a) of Title III of the ADA, 42 U.S.C. § 12182(a), and § 8-107(4)(a) of the N.Y.C. Administrative Code, and seeks damages, attorneys' fees, costs, and declaratory and injunctive relief. *Id.* ¶¶ 33, 42–62.

Herbs & Arts is a "small retail store" with 11 employees and one location in Denver, Colorado.  Kulsar Decl. ¶¶ 2–3, 6.  It maintains the Website (www.herbsandarts.com) "primarily to support . . . local customers."  *Id.* ¶ 2.  Herbs & Arts is a "metaphysical shoppe" offering "in-store herbal consultations, tarot card readings, candle dressings (for specific spells and celebrations), and classes on alchemy."  *Id.*  It also sells "candles, crystals, herbs, and oils in . . . store," some of which are available for sale through its online store.  *Id.*  The vast majority of its business—97.2% of it—comes from "in-store services and purchases," while "only 2.8%" of revenue comes from website sales.  *Id.*  In 2022, Herbs & Arts claims that it made online sales to a total of 14 customers located in New York State (including seven in this District), totaling $1,985.84 and comprising .014% of its total annual revenue.  *Id.* ¶ 4.  In 2021, it made online sales to 18 New York State customers (including four in this District), amounting to $3,916.20 and comprising .02% of annual revenue.  *Id.* ¶ 5.

Herbs & Arts does not advertise or target any sales to New York residents, "do any wholesale to retailers" in the State of New York, nor has it ever sent personnel or representatives to New York for business purposes.  *Id.* ¶¶ 7, 9–10.  It does not maintain a bank account, warehouse any products, own any property, or use any services provided in New York.  *Id.* ¶¶ 11–14.  All of Herbs & Arts' employees live in Colorado, and its web developer lives in Illinois.  *Id.* ¶ 16.  According to Kulsar, "Herbs & Arts is a small mom and pop shop that requires . . .

full-time supervision" making it "difficult and costly . . . to appear in New York" for this litigation.  *Id.* ¶ 18.

## B. Procedural History

Loadholt brought this action on September 6, 2022 and Herbs & Arts was served on September 12.  *See* Dkt. Nos. 1, 6.  On December 16, after several extensions, Herbs & Arts filed a motion to dismiss for lack of personal jurisdiction, an accompanying memorandum of law ("Def. Mem."), and the Kulsar Declaration. Dkt. Nos. 15–16.[1]  On December 19, I was referred the motion for a report and recommendation.  Dkt. No. 17.  On December 30, Loadholt filed a memorandum in opposition ("Pl. Mem."), Dkt. No. 18, and on January 6, 2023, Herbs & Arts filed a reply memorandum ("Def. Reply").  Dkt. No. 19.

## II.   DISCUSSION

Herbs & Arts argues that the Court should dismiss this action for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Alternatively, it contends that the Court should dismiss on *forum non conveniens* grounds, which, as explained below, the Court treats as a motion to transfer venue. Finally, Herbs & Arts seeks attorneys' fees in the form of sanctions against Loadholt pursuant to the Court's inherent power or under 28 U.S.C. § 1927.

---

[1] Docket entries 15 and 16 are both displayed on ECF as motions.  This appears to be a filing error, as the filing at Docket Number 16 includes a memorandum of law and declaration accompanying the motion at Docket Number 15.

4

### A. Legal Standard

"A plaintiff opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendant," *Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896, at *3 (S.D.N.Y. Mar. 22, 2022) (quoting *BHC Interim Funding, LP v. Bracewell & Patterson, LLP*, No. 02-CV-4695, 2003 WL 21467544, at *1 (S.D.N.Y. June 25, 2003)), and "must make a *prima facie* showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010)) (internal quotation marks omitted). This requires "making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp.*, 609 F.3d at 35 (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)). In considering whether this burden has been met, a court "will not draw 'argumentative inferences' in the plaintiff's favor," nor is it "required 'to accept as true a legal conclusion couched as a factual allegation.'" *Licci ex rel. Licci*, 673 F.3d at 59 (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) and *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). On such a motion, the Court may consider "matters outside the pleadings." *Diaz v. Kroger Co.*, No. 18-CV-7953 (KPF), 2019 WL 2357531, at *5 (S.D.N.Y. June 4, 2019) (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013)).

5

### B. Personal Jurisdiction Analysis

The Court first considers Herbs & Arts' motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The personal jurisdiction analysis consists of a two-part inquiry assessing whether (1) there is jurisdiction under the forum state's long-arm statute, and (2) jurisdiction "comports with Due Process." *Diaz*, 2019 WL 2357531, at *6. "Personal jurisdiction is determined in accordance with the law of the forum in which the federal court sits." *Sanchez*, 2022 WL 846896, at *4 (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)). Here, where there is no general jurisdiction over Herbs & Arts, a Colorado store, *see* Kulsar Decl. ¶ 2; Pl. Mem. at 3, the Court first determines whether it may exercise personal jurisdiction over Herbs & Arts pursuant to § 302(a) of New York's long-arm statute. *See, e.g.*, *Sanchez,* 2022 WL 846896, at *4.[2] If § 302(a) does confer jurisdiction over Herbs & Arts, the Court must ensure that the exercise of personal jurisdiction would not offend the Fifth Amendment's Due Process Clause. *See id.* The Court considers each of these issues below.

### 1. Jurisdiction is Proper Under N.Y. C.P.L.R. § 302(a)(1)

N.Y. C.P.L.R. § 302(a)(1) provides that a court in New York may exercise personal jurisdiction over a non-domiciliary if (1) it "'transacts any business within

---

[2] "General, all-purpose jurisdiction permits a court to hear any and all claims against an entity." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (cleaned up). A court has general personal jurisdiction over a corporate defendant where it is "essentially at home"—"where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). Loadholt does not dispute that the Court lacks general jurisdiction here. *See* Pl. Mem. at 2, 3 (discussing exercise only of "specific personal jurisdiction").

the state'; and (2) the 'cause of action aris[es] from' that business transaction."

*Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 15 (S.D.N.Y. 2022) (quoting N.Y.

C.P.L.R. § 302(a)(1)); *see also Sanchez*, 2022 WL 846896, at *4 (same) (citing *Best*

*Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)).

### a.  Herbs & Arts Transacts Business in New York

Although Herbs & Arts admits that it has sold goods to customers residing in

the Southern District of New York, it maintains that its *de minimis* sales are not

sufficient to confer jurisdiction.  Kulsar Decl. ¶¶ 4–5; Def Mem. at 6–7; Def. Reply at

1–4.  The law in this District provides otherwise.

"Whether a website can be defined as a defendant's transaction of business in

New York depends [first] on [its] degree of interactivity."  *Sanchez*, 2022 WL

846896, at *4 (citing *Touro College v. Fondazione Touro Univ. Rome Onlus*, No. 16-

CV-3136 (DAB), 2017 WL 4082481, at *8 (S.D.N.Y. Aug. 31, 2017)) (quotation

omitted).  If a website allows for "the purchase and exchange of goods," it is

considered interactive, and thus may confer personal jurisdiction.  *Quezada v. U.S.*

*Wings, Inc.*, No. 20-CV-10707 (ER), 2021 WL 5827437, at *6–7 (S.D.N.Y. Dec. 7,

2021); *see also Romero,* 580 F. Supp. 3d at 12 ("Fully interactive websites, over

which a seller knowingly transmits goods or services to users, are sufficient to

confer personal jurisdiction.") (citing *Royalty Network Inc. v. Dishant.com, LLC*, 638

F. Supp. 2d 410, 418–19 (S.D.N.Y. 2009)).  Under this standard, the Website is fully

interactive, as it allows for "the purchase and exchange of goods."  *Id.*

7

In order to confer jurisdiction, the defendant must also have "used the Website to 'purposely avail' itself of the forum state." *Romero,* 580 F. Supp. 3d at 15 (citing *Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04-CV-1089 (GEL), 2004 WL 1824102, at *8–9 (S.D.N.Y. Aug. 13, 2004)) (quotations omitted). "[A] reasonable probability that the Website has been actually used to effect commercial transactions with customers in New York" satisfies this requirement. *Diaz*, 2019 WL 2357531, at *7 (quoting *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-CV-2897 (JPO), 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018)) (cleaned up). For example, in *Sanchez v. Nutco, Inc.*, an ADA website case like this one, the defendant's affidavit and "the Website itself" provided "sufficient evidence that the Website [was] interactive and allow[ed] for the purchase and exchange of goods in New York." 2022 WL 846896, at *4. Namely, the defendant "attest[ed] to the fact" that its website sold products and "offer[ed] an online retail shop," and never contested that it "offer[ed] its goods to consumers in New York." *Id.* Here as well, Herbs & Arts attested that it has sold its goods to New York customers. *See* Kulsar Decl. ¶¶ 4–5. As there is more than "a reasonable probability" that Herbs & Arts' website "has been actually used to effect commercial transactions with customers in New York," the "any business" requirement in N.Y. C.P.L.R. § 302(a)(1) is satisfied. *Quezada*, 2021 WL 5827437, at *6–7 (cleaned up) (citation omitted).

Nonetheless, Herbs & Arts maintains that because neither its website nor its business "specifically target[s] New Yorkers," and because such a small fraction of its sales (0.014% or 14 in total) was made to New Yorkers 2022, there can be no

personal jurisdiction properly asserted here.  Def. Mem. at 7.  It urges the Court to look at the totality of the business transactions in New York and decline to exercise jurisdiction where they are *de minimis*.  *See* Def. Reply at 1–2 (citing *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) (constitutional challenge not involving website)).  But Herbs & Arts has not identified any ADA website case that supports this proposition.  *See, e.g.*, Def. Mem. at 6–8 (citing *Davey v. PK Benelux B.V.*, No. 20-CV-5726 (VB), 2022 WL 1289341 (S.D.N.Y. Apr. 29, 2022) (suit brought under Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(a)-(d)); *Hamilton v. Accu-Tek*, 32 F. Supp. 2d 47 (E.D.N.Y. 1998) (tort suit); *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361 (2d Cir. 1986) (contract dispute)); Def. Reply at 3–4 (citing same) (also citing *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-CV-6893 (MBM), 2006 WL 1147963 (S.D.N.Y. May 1, 2006) (trademark suit); *Sidik v. Royal Sovereign Int'l, Inc.*, No. 17-CV-7020 (JS)(ARL), 2020 WL 5441306, at *1 (E.D.N.Y. Sept. 10, 2020) (tort suit)).

For instance, it cites the discussion in *Davey v. PK Benelux B.V.* regarding the "open question" of whether personal jurisdiction extends to a "defendant who at one time ships a single good to New York"—a discussion that, in fact, cites an ADA website case when noting that some courts have found "personal jurisdiction exists where the plaintiff establishes a reasonable probability that the website has been actually used to effect commercial transactions with customers in New York."  2022 WL 1289341, at *2–3 (citing *Quezada*, 2021 WL 5827437, at *7 (only ADA website

case cited in discussion)) (cleaned up).  Herbs & Arts also cites *Diaz v. Kroger Co.*,

an ADA website case where no personal jurisdiction was found because "delivery

[was] not available to *any* New York state zip code," Def. Mem. at 7 (citing *Diaz*,

2019 WL 2357531, at *7 (cleaned up)) (emphasis added), and *ISI Brands, Inc. v.*

*KCC Int'l, Inc.*, a trademark case where there was no allegation that *any* shipments

had been made to New York apart from orders made by the plaintiff during the

litigation.  *Id.*; Def. Reply at 2 (citing *ISI Brands, Inc. v. KCC Int'l, Inc.*, 4 58 F.

Supp. 2d 81, 88 (E.D.N.Y. 2006)).  Those cases are inapposite, as there is no dispute

here that Herbs & Arts has fulfilled orders through its website to New York

consumers prior to this litigation, and they do not support the proposition that the

analysis must involve the number or scale of the sales made in New York.

Finally, Herbs & Arts' attempts to distinguish the ADA website cases, on the

grounds that they "do not address the specific amounts of business activity or

revenue . . . conducted by the defendants," are unsuccessful.  *See* Def. Reply at 4–6,

4 n.3.  While it is true, as Herbs & Arts points out, that none of those cases was

presented with "specifics about defendants' sales or revenue" in New York, Def.

Reply at 4 n.3, the cases make clear that *any* website offering goods for sale to a

New York consumer confers personal jurisdiction under § 302(a)(1).  *See Quezada*,

2021 WL 5827437, at *7 ("Quezada has alleged that the website offers goods for sale

to consumers in New York, and, importantly, U.S. Wings has not denied this."

(citation omitted)); *Romero*, 580 F. Supp. 3d at 15 ("[T]he 'transacting business'

prong of the New York long-arm statute is met [because] Defendant transacts

10

business in New York through its Website and ensures the delivery in New York of the goods sold[.]"); *Sanchez*, 2022 WL 846896, at *4 (The fact that the website "offers an online retail shop," the plaintiff's allegation that those goods are available to New York consumers, and the fact that the defendant did not dispute this, "provide[d] sufficient evidence that the Website is interactive and allows for the purchase and exchange of goods in New York"). Thus, the fact that Herbs & Arts has specifically attested to selling its goods to customers in this District through its website does not make it distinguishable from the other website cases; rather, it confers jurisdiction under the same standard.

In sum, Herbs & Arts has not provided any comparable case supporting the proposition that *de minimis* sales to New York residents result in there being no basis for personal jurisdiction over the seller. As Herbs & Arts made its website available to New York customers and by its own admission shipped items to New York customers, it transacted business in New York for purposes of § 302(a)(1). *Cf. Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-CV-11197 (KPF), 2020 WL 7480619, at *9 (S.D.N.Y. Dec. 18, 2020) (no personal jurisdiction in ADA website case where defendant submitted affidavit stating it had explicit policies prohibiting shipments to New York). Herbs & Arts' "declaration that [it] do[es] not solicit customers or advertise in New York . . . is not enough to immunize [it] from this state's jurisdiction when [its] products are readily available for sale to New York customers." *Quezada*, 2021 WL 5827437, at *7; *see also* Kulsar Decl. ¶ 18.

### b. Loadholt's Claims Arise Out of a Business Transaction that Occurred in New York

Section 302(a) further requires that the "cause of action aris[e] from" the transaction occurring in New York. In other words, "there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted." *Mercer v. Rampart Hotel Ventures*, LLC, No. 19-CV-3551 (PAE) (GWG), 2020 WL 236843, at *5 (S.D.N.Y. Jan. 16, 2020) (*quoting Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339 (N.Y. 2012)), *adopted by* 2020 WL 882007 (Feb. 24, 2020) (cleaned up). While some courts in this Circuit have concluded that prior purchases made by New York consumers may not confer jurisdiction in a later action, *see, e.g.*, *id.*; *Wilson v. Jord Inc*, 20-CV-1899 (LJV) (JJM), 2023 WL 1072513, at *2–5 (W.D.N.Y. Jan. 5, 2023), *adopted by* 2023 WL 1070657 (Jan. 27, 2023), as explained below, the cases most similar to this one have concluded that there was jurisdiction. In recommending that the motion to dismiss be denied, the Court follows those cases.

Two cases support Herbs & Arts' position. First, in *Wilson v. Jord Inc.*, when presented with a plaintiff who allegedly visited but made no purchase from an allegedly ADA non-compliant website and a defendant with *de minimis* sales in the district, the court concluded that there was no nexus between the business transactions and the alleged harm. 2023 WL 1072513, at *2–5. Second, in *Mercer*, the plaintiff browsed a hotel website "in contemplation of a vacation in New Orleans" that allegedly did not contain any information about the hotel's accessibility or ADA compliance. 2020 WL 236843, at *2. The plaintiff did not

allege to have booked a reservation, but did allege that other New York residents had done so. *Id.* at *5. The court in *Mercer* concluded that there was no "articulable nexus" because "the defendant's transactions with other New York residents through that website did not cause plaintiff harm and plaintiff's specific claim in th[at] case d[id] not arise out of those transactions." *Id.*

On the other hand, as the court in *Guglielmo v. JEGS Auto., Inc.*, explained, it would be circular to prohibit a plaintiff in an ADA website case from bringing suit for failing to make a purchase from the challenged website, as the "failure to establish personal jurisdiction" would be, at least "to some extent, a function of [the d]efendant's own alleged wrongdoing." No. 20-CV-5376 (LJL), 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17, 2021). As in *Guglielmo*, because the gravamen of the complaint here is that Loadholt cannot navigate Herbs & Arts' website, it would defy the purpose of the ADA to dismiss the case for precisely that reason.

Furthermore, the theory of Loadholt's suit is that he was "harmed by [Herbs & Arts'] transactions with [all other] New York customers because," *Guglielmo v. JEGS Auto.,* 2021 WL 1026168, at *5 (cleaned up), the Website "offer[s] features which should allow all consumers to access the goods and services which [Herbs & Arts] ensures the delivery of throughout the United States, including New York State." Complaint ¶ 20. Thus, as courts in this District presented with identical circumstances have concluded, "[i]f, at the time of the filing of this action, [Herbs & Arts] was selling products through its Website to New York customers and at the same time displaying the Website to Plaintiff but denying him the access other New

13

York customers had to purchase products, those facts would . . . create the 'articulable nexus or substantial relationship between the business transaction and the claim asserted.'" *Guglielmo v. JEGS Auto.*, 2021 WL 1026168, at *5 (quoting *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015)); *accord Sanchez*, 2022 WL 846896, at *4 ("because Sanchez alleges that he attempted to access the Website to make a purchase, [defendant] is within the reach of New York's long-arm statute since the case arises from a business transaction"); *Quezada*, 2021 WL 5827437, at *7 ("this cause of action arises from such a business transaction since Quezada alleges he attempted to access [the] website to make a purchase"). The "articulable nexus" requirement is thus met.

### 2. Jurisdiction is Consistent with the Due Process Clause

As a final measure, the Court must ensure that exercising personal jurisdiction over the non-domiciliary defendant would not offend Due Process. This requires that the defendant "have 'sufficient minimum contacts with the forum' to justify a court's exercise of personal jurisdiction, such that the 'assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice.'" *Sanchez*, 2022 WL 846896, at *5 (quoting *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016)). Although the provisions of § 302(a)(1) are not identical to the requirements of constitutional due process, "the Second Circuit has noted that it would be a 'rare' case where personal jurisdiction is proper pursuant to New York's long-arm but not pursuant to a due process analysis." *Romero*, 580 F. Supp. 3d at 16 (citing *Eades v. Kennedy, PC Law*

*Offices*, 799 F.3d 161, 168 (2d Cir. 2015)).  This is not that rare case, as other courts in this District recently presented with equivalent contacts to this forum have concluded that the constitutional floor was likewise met.  *See, e.g.*, *Sanchez*, 2022 WL 846896, at *5 (website that offered goods to third-party consumers in New York satisfied § 302(a) and Due Process); *Quezada*, 2021 WL 5827437, at *7 (same).

Finally, the exercise of personal jurisdiction over Herbs & Arts, though perhaps burdensome, is reasonable.  *See, e.g.*, *Sanchez*, 2022 WL 846896, at *5. "Because [Herbs & Arts'] products are available to be sold . . . in New York, the forum has an interest in the resolution of the dispute."  *Id.* (quoting *Quezada*, 2021 WL 5827437, at *7); *see also Chanel, Inc. v. Shiver & Duke LLC*, No. 21-CV-1277 (MKV), 2022 WL 3868113, at *3 (S.D.N.Y. Aug. 30, 2022) ("Courts in this Circuit routinely have held that selling items to New York-based customers through a website constitutes purposeful availment.").  In sum, this Court has personal jurisdiction over Herbs & Arts.

## C.  *Forum Non Conveniens* Analysis

Alternatively, Herbs & Arts moves to dismiss the complaint on *forum non conveniens* grounds.  *See* Notice of Motion at 1, Dkt. No. 15.  To begin with, the doctrine of *forum non conveniens*, codified at 28 U.S.C. § 1404(a), provides for "*transfer*, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."  *Chanel, Inc.*, 2022 WL 3868113, at *4 (*quoting Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007))

(emphasis added).[3]  The Court therefore treats the motion as one to transfer, rather than to dismiss.  *See, e.g., id.* (doing same); *Cohen v. Maher*, No. 16-CV-265 (VB), 2017 WL 663553, at *6 (S.D.N.Y. Feb. 17, 2017) (same).

Under § 1404(a), a district court may transfer a suit to another district (1) "where jurisdiction over the defendant could have been obtained at the time suit was brought," and (2) if "the transfer is in the interest of justice and convenience of the parties and witnesses."  *Heritage Lace, Inc. v. Underwraps Costume Corp.*, No. 18-CV-9796 (JPO), 2019 WL 3858585, at *5 (S.D.N.Y. Aug. 16, 2019) (citation omitted).  "The burden of proof rests with the movant to show, by clear and convincing evidence, that 'the balance of convenience strongly favors the alternate forum.'"  *Chanel*, 2022 WL 3868113, at *4 (quoting *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010)).  That burden is "balanced against a strong presumption in favor of the forum of the first-filed suit."  *Heritage Lace*, 2019 WL 3858585, at *5 (citation omitted).

As to the first requirement, this suit could have been brought in the District of Colorado, as Herbs & Arts is domiciled there.   Kulsar Decl. ¶ 2; s*ee, e.g., Chanel*, 2022 WL 3868113, at *4 (suit could have been brought in district where defendants are based).  As to the second requirement, courts in this Circuit weigh nine,

---

[3] Herbs & Arts cites caselaw applicable to *dismissal,* rather than *transfer*, under *forum non conveniens*, Def. Mem. at 8–11, which only applies where the alternative forum is "a foreign country's court."  *Finco Prime Consulting Corp. v. Belmamoun*, No. 22-CV-952 (DLC), 2023 WL 1766109, at *4 (S.D.N.Y. Feb. 3, 2023); *see also Chanel,* 2022 WL 3868113, at *3 (citing cases).

nonexclusive and discretionary factors to determine whether the balance tips in
favor of transfer:

> (1) the convenience of the witnesses; (2) the convenience
> of the parties; (3) the location of relevant documents and
> the relative ease of access to sources of proof; (4) the locus
> of operative facts; (5) the availability of process to compel
> the attendance of unwilling witnesses; (6) the relative
> means of the parties; (7) the forum's familiarity with the
> governing law; (8) the weight accorded the plaintiff's
> choice of forum; and (9) trial efficiency and the interests of
> justice.

*Chanel*, 2022 WL 3868113, at *4 (citing *DH Blair & Co. v. Gottdiener*, 462 F.3d 95,
106–07 (2d Cir. 2006)).  In addition to these factors, the Court must be mindful that
the "plaintiff's choice of forum is 'generally entitled to great deference when the
plaintiff has sued in the plaintiff's home forum,'" *Google LLC v. Starovikov*, No. 21-
CV-10260 (DLC), 2022 WL 1239656, at *6 (S.D.N.Y. Apr. 27, 2022) (quoting *Iragorri
v. United Tech. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001)), and that choice "should not be
disturbed unless the balance of the factors tips decidedly in favor of a transfer."
*Heritage Lace*, 2019 WL 3858585, at *6 (citation omitted).

The Court need not consider each of the aforementioned factors here, as
Loadholt has provided a recent and nearly identical ADA website case to guide the
Court.  In the case Loadholt cites, *Paguada v. Washington Music Sales Ctr., Inc.*,
the court denied a motion to transfer venue from this District to the District of
Maryland made by a Maryland store despite the fact that its "physical operations[,]
. . . proposed witnesses[,] . . . website operators, associated documents, and
employees [were] all located in and about Maryland."  No. 21-CV-3014 (ALC), 2022

17

WL 268860, at *1 (S.D.N.Y. Jan. 28, 2022).  According to the *Paguada* court, these factors did not "outweigh the presumption of maintaining the Plaintiff's choice of forum."  *Id.*  Likewise here, Herbs & Arts, its operations, employees, and owner are all located in Colorado, and the instant action concerns a website's alleged ADA violations.  Kulsar Decl. ¶ 2.  Transferring the action to Colorado, however, would merely shift the burden of travel, if there is any, to Loadholt.  *Paguada,* 2022 WL 268860, at *1; *see also EasyWeb Innovations, LLC v. Facebook, Inc.,* 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012) ("The Court does not view [the location of documents] as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production.").  In sum, "[t]ransferring this action would merely shift the inconvenience from one party to another and force a . . . blind [p]laintiff to litigate miles away from [his] chosen forum."  *Paguada*, 2022 WL 268860, at *1 (citation omitted).  Because Herbs & Arts has not met its evidentiary burden, no transfer is warranted.

### D. The Request for Attorneys' Fees Should be Denied

Finally, Herbs & Arts argues that Loadholt should be sanctioned (and it should be awarded its attorneys' fees) for "frivolous" claims.  Def. Mem. at 12–13.  The Court disagrees.  The imposition of sanctions under 28 U.S.C. § 1927 requires "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes."  *Rabin v. Dow Jones & Co., Inc.*, 665 F. App'x 21, 23 (2d Cir. 2016); *see also Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113–14 (2d Cir. 2009) ("A finding of bad faith, and a finding that conduct

18

is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings."). Herbs & Arts has provided no evidence of either, stating only that "it has been unfairly haled into a foreign judicial system, forced to retain counsel, and [forced to] expend significant litigation costs to defend a meritless claim." Def. Mem. at 12–13. That is simply insufficient to justify fees or sanctions. Thus, this request should be denied.

## III.   CONCLUSION

For the foregoing reasons, Herbs & Arts' motion should be denied in all respects.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, United States Courthouse, 40 Foley Square, New York, NY 10007. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 4, 2023
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge